UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-21194-UU

JJ RENDON & ASSOCIATES STRATEGIC
CREATIVITY, LLC,

    Plaintiffs,

v.

ROBERTO ARZU,

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon *sua sponte* examination of the record.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised on the premises.

On November 15, 2016, Plaintiff filed its Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, asserting a claim for breach of contract under Florida law. D.E. 1. On February 9, 2017, Defendant was served with Plaintiff's Complaint. *Id.* On March 30, 2017, almost <u>fifty days</u> after being served with the Complaint, Defendant removed this case to the United States District Court for the Southern District of Florida pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. *Id.* In the Notice of Removal, Defendant alleges that Plaintiff "agreed that Arzu could have until March 31, 2017 to answer or otherwise respond." *Id.*

28 U.S.C. § 1446 sets out the relevant procedure for removal of lawsuit from state court to federal court and provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant, through service** or other, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]

28 U.S.C. § 1446(b)(1) (emphasis added).  "[T]he thirty day time limit for notice of removal begins at the point when the defendant could have intelligent ascertained that the action was removable."  *Carney v. Haddock*, Case No. 15-cv-10187, 2016 WL 2869785, at *6 (S.D. Fla. May 16, 2016).  "The party seeking to invoke federal jurisdiction through removal has 'the task of proving to the court exactly when the time limit of 28 U.S.C. § 1446 began to run.'"  *Id.* (citing *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003)).  In ascertaining whether removal was proper, the Court may make "reasonable deductions" and use "common sense" to determine if removal is proper.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

Here, Defendant's attempt at removal is a complete failure.  Defendant admittedly filed its Notice of Removal fifty days after being served with the Complaint.  For some reason, Defendant informs the Court that Plaintiff "agreed" to an extension of time to respond to the Complaint; but, Defendant neither cites case law, nor is the Court aware of any such case law, where an informal agreement to respond to a Complaint tolls the time for removal.  That is because such case law does not exist.  Because Defendant failed to timely remove this case, the Court does not have subject-matter jurisdiction over this action.  Accordingly, it is hereby

ORDERED AND ADJUDGED that this action is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  This case is CLOSED for administrative purposes.

DONE AND ORDERED in chambers at Miami, Florida this 31st day of March, 2017.

_____
UNTIED STATES DISTRICT JUDGE

cc:
 counsel of record via cm/ecf